1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

4

5

6

7

8

9

Brittany Riles et al.,

Plaintiffs,

v.

Tucker Carison et al.,

Defendants.

Case No. 2:24-cv-01070-CDS-BNW

**ORDER**

10        Plaintiff Anysha Cox brings this lawsuit and moves to proceed *in forma pauperis* (IFP).

11   *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an

12   inability to prepay fees or costs or give security for them. Accordingly, the Court will grant her

13   request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint (ECF No. 1-1).

14   **I.        Analysis**

15        **A.        Screening standard**

16        Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

17   under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims

18   and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be

19   granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

20   1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

21   failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

22   F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

23   factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

24   *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

25   dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

26   his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

27   2014) (*quoting Iqbal*, 556 U.S. at 678).

28

1    In considering whether the complaint is sufficient to state a claim, all allegations of

2    material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

3    *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

4    Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

5    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

6    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

7    Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

8    plaintiff should be given leave to amend the complaint with notice regarding the complaint's

9    deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10   **B.      Screening the Complaint**

11   Plaintiff's complaint contains very few factual allegations. *See* ECF No. 1-1. Generally,

12   she appears to be alleging that the different reporters made false statements about her. But it is not

13   clear what the statements. Moreover, the handwriting is not very clear and, as a result, the Court

14   cannot understand how any such statements harmed Plaintiff. The number and content of the

15   attachments make the claim(s) even harder to understand. In short, even liberally construing

16   Plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute

17   and the defendants' role in the matter to state a claim. As a result, the Court will dismiss her claim

18   without prejudice and allow her to re-file an amended complaint.

19   If Plaintiff chooses to file an amended complaint, the document must be titled "Amended

20   Complaint." The amended complaint must contain a short and plain statement of the grounds for

21   the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must

22   contain a short and plain statement describing the underlying case and the defendants'

23   involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil

24   Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of

25   her claims against them and of Plaintiff's entitlement to relief.

26   Additionally, Plaintiff is advised that if she files an amended complaint, the original

27   complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended

28   complaint must be complete in and of itself without reference to prior pleadings or other

1  documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's

2  amended complaint complete.

3  **II.    CONCLUSION**

4      **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

5  *pauperis* (ECF No. 1) is **GRANTED**.

6      **IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file

7  Plaintiff's complaint (ECF No. 1-1).

8      **IT FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice.

9      **IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiff a copy of the

10  court-approved complaint form for individuals proceeding pro se.

11      **IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, she

12  must do so by July 15, 2024, and use the enclosed form. Failure to comply with this order will

13  result in a recommendation that this case be dismissed.

14

15      DATED: June 10, 2024

16

17  _____

18  BRENDA WEKSLER
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28